IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE, #1047716, | § § | |
| PETITIONER, | § § | |
| v. | § § | CIVIL CASE NO. 3:20-CV-3169-X-BK |
| STATE OF TEXAS AND DIRECTOR, TDCJ-CID, | § § § | |
| RESPONDENTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Demarcus Kenard Joe's *pro se* habeas corpus action under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons that follow, it is recommended that Joe's successive petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.      BACKGROUND**

In 2001, Joe was convicted of murder and capital murder and sentenced to life imprisonment. *See State v. Joe*, Nos. F01-21548 & F01-21550 (363rd Dist. Ct., Dallas Cnty., Tex. June 22, 2001). He unsuccessfully challenged his convictions in state and federal habeas proceedings. *See Joe v. Fitzsimmons*, Nos. 3:15-CV-3303-B-BN & 3:15-CV-3379-B-BN, 2015 WL 9906188 (N.D. Tex. Dec. 8, 2015), *R. & R. adopted*, 2016 WL 279101 (N.D. Tex. Jan. 21, 2016) (dismissing habeas petition as time barred); *Joe v. Davis*, No. 3:16-CV-2667-B-BN (N.D. Tex. Feb. 1, 2017) (transferring successive application to the court of appeals); *In re Joe*, No. 17-

10137 (5th Cir. Mar. 17, 2017) (dismissing motion for leave to file successive application for failure to comply).

Since 2017, Joe has filed seven, successive Section 2254 habeas petitions in this Court—most of which have been dismissed without prejudice to his right to seek authorization from the appellate court to file a successive application. *See Joe v. Davis*, No. 3:20-CV-2107-M-BN, 2020 WL 5443251, at *1 (N.D. Tex. Aug. 11, 2020), *R. & R. adopted*, 2020 WL 5440635 (N.D. Tex. Sep. 9, 2020) (summarizing Joe's filing history and dismissing his sixth successive petition); *Joe v. Director TDCJ-CID*, No. 3:20-CV-2848-S-BN (N.D. Tex. filed Sep. 16, 2020) (same as to magistrate judge's recommendation to dismiss Joe's seventh successive petition) (pending review); *see also* PACER Case Locator.[1]  Apparently, however, Joe has never filed an appropriate motion for authorization to file a successive application in the Fifth Circuit.

Here, not only is Joe's petition not filed on the appropriate federal form, it indicates he is seeking habeas relief under art. 11.07, Texas Code of Criminal Procedure. Doc. 3.  Additionally, in Joe's cover letter, he twice refers to his "request for the 11.07 or 11.071 writ of habeas corpus," but directs his request to "the Fifth Circuit Court of Appeals." Doc. 3-1.[2]  That notwithstanding, considering Joe's *pro se* status and his previous filings in this Court, and in an

---

[1] The PACER Case Locator is available at https://pcl.uscourts.gov/pcl/pages/welcome.jsf (last accessed October 23, 2020).

[2] Although the petition also references a conviction of the unauthorized use of a motor vehicle in Case No. F0049647, Doc. 3 at 2, Joe is not presently in custody for that conviction. *See State v. Joe*, No. F0049657 (363rd Dist. Ct., Dallas Cty., Tex. Jun. 22, 2001) (dismissing indictment and deferred adjudication order), online docket sheet available at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last visited Oct. 20, 2020).  Texas Department of Criminal Justice online records also confirm that Joe is confined only for the convictions in Case Nos. F0121548 and F0121550.  *See* Offender Information Detail available at https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05903313 (last visited Oct. 20, 2020).

abundance of caution, the Court liberally construes Joe's application to seek relief under 28 U.S.C. § 2254. And because, as construed, it constitutes yet another successive petition that this Court lacks jurisdiction to consider, it should be dismissed.[3]

## II.     ANALYSIS

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (Section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (Section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Joe must obtain such an

---

[3] Although Joe did not submit a motion to proceed *in forma pauperis* or pay the filing fee, it is more efficient to dismiss the successive petition than to require compliance with this Court's filing requirements.

order before he can file a successive application challenging his convictions. Because Joe has filed numerous successive Section 2254 petitions and his current petition asserts conclusory and fanciful claims, dismissal without prejudice for want of jurisdiction—as opposed to transfer—is appropriate. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam) (addressing transferred application); *Crone*, 324 F.3d at 838 (remanding successive application with instructions to dismiss).

### III. SANCTION WARNING

Given Joe's abusive filing history and the frivolous nature of his filing in this case, he should be warned that if he persists in filing successive habeas petitions, the Court may impose monetary sanctions and/or bar him from bringing any further habeas action.[4] *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

---

[4] Joe has long been barred from filing civil cases under the three-strike provision of 28 U.S.C. § 1915(g). *See Joe v. Warden*, No. 7:20-cv-00133-O (N.D. Tex. Oct. 22, 2020) (summarizing Joe's filing history and dismissing his latest civil rights complaint as barred by three strikes).

IV.  **CONCLUSION**

For the foregoing reasons, Joe's petition, construed to seek relief under Section 2254, should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because he has not obtained authorization to file a successive habeas petition from the Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(10 and (3).  Joe should also be warned that if he persists in filing successive habeas petitions without such permission, the Court may impose monetary sanctions and/or bar him from bringing any further action in this Court.

**SO RECOMMENDED** on October 23, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).